IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>[19] ALEXIS HERNÁNDEZ-LÓPEZ<br><br>Defendant | CRIM. NO.: 13-534 (SCC) |

**OMNIBUS OPINION & ORDER**

Pending before the Court are Defendant Alexis Hernández-López's ("Defendant Hernández-López") *pro se* motions regarding his request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) ("Section 3582(c)(1)(A)").[1]

---

[1] While at Allenwood FCC, Defendant Hernández-López allegedly submitted a request to the Warden to be placed in home confinement. Docket No. 4843 at 3. Said request was reportedly denied. *Id.* While the motions before this Court do not include a request for home confinement, the Court notes that, even if Defendant Hernández-López would have included such a request, the Court may only recommend that an offender be placed in home confinement, for the Bureau of Prisons ("BOP") is the agency responsible for determining where an offender is placed. *Tapia v.*

Docket Nos. 4843; 5062. The Government opposed both motions. Docket Nos. 4851; 5102.[2]

Also pending before the Court are Defendant Hernández-López's motions requesting: a copy of the Government's Opposition to his motion for compassionate release, Docket No. 4880; appointment of counsel, Docket No. 5060; leave to file all future filings in Spanish, Docket No. 5061; and copies of the case docket sheet, sentencing transcript and plea agreement, Docket No. 5197. For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Defendant Hernández-López's motions at Docket Numbers 4843, 4880,

---

*United States*, 564 U.S. 319, 331 (2011) (stating that "[a] sentencing court can recommend that the BOP place an offender in a particular facility or program . . . . [b]ut decision making authority rests with the BOP").

[2] On June 30, 2020, the Federal Public Defender ("FPD") appeared on Defendant Hernández-López's behalf, Docket No. 4894, and moved for an extension of time, until July 31, 2020, to supplement his first motion for compassionate release, Docket No. 4895. More than a year has passed since this request was made but the record is bereft of any motion filed by the FPD addressing Defendant Hernández-López's motion for compassionate release. Accordingly, the FPD's motion at Docket No. 4895 is deemed as MOOT.

5061, 5062, and 5197. The Court will **HOLD UNDER ADVISEMENT** Defendant Hernandez-Lopez's request at Docket No. 5060.

## I.  Background

On April 21, 2016, Defendant Hernández-López pleaded guilty to conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860, and to using and carrying firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Docket Nos. 3990; 3991. On September 17, 2018, he was sentenced to one hundred and forty (140) months of imprisonment. Docket Nos. 4506; 4507. He is currently serving his sentence at Devens FMC and is projected to be released from custody on October 12, 2023. *Find an Inmate,* FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last accessed Aug. 17, 2021).

U.S.A. v. ALEXIS HERNÁNDEZ-LÓPEZ                                    Page 4

## II. Analysis

### a. Motions for Compassionate Release

This Court may review a motion for compassionate release under Section 3582(c)(1)(A) "upon motion of the Director of the Bureau of Prisons[.]" 18 U.S.C. § 3582(c)(1)(A). But if the Director of the Bureau of Prisons ("BOP") does not bring forth such a motion on behalf of a defendant, the defendant may file the same after he or she has satisfied the prerequisites set forth in Section 3582(c)(1)(A). Specifically, the defendant must have "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or after thirty (30) days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.*

If the Court finds that Defendant Hernández-López complied with the prerequisites mentioned above, "the [C]ourt must then determine if [he] is eligible for release." *United States v. Khawaja*, 471 F. Supp.3d 426, 428 (D.N.H. 2020). When reviewing a motion for compassionate release to

reduce a defendant's sentence, the Court will look at whether (1) extraordinary and compelling circumstances exist; (2) whether the defendant may be "a danger to the safety of any other person or the community; and (3) [whether] the sentencing factors outlined in 18 U.S.C. § 3553(a) weigh in favor" of granting a sentence reduction. *Id.* at 429.

Defendant Hernández-López filed an initial request for compassionate release in view of the ongoing COVID-19 pandemic while serving his sentence at Allenwood FCC ("First Motion"). Docket No. 4843. The same was followed by what the Court reads as a supplementary motion for compassionate release in support of his original request ("Second Motion"). Docket No. 5062. This Second Motion was filed after he was transferred to Devens FMC. *Id.*

With his First Motion, Defendant Hernández-López included what he deems to be evidence of his efforts to exhaust the administrative prerequisites outlined in Section 3582(c)(1)(A) while at Allenwood FCC. Docket No. 4843-1. The documents attached to his motion reflect that he filed an

U.S.A. v. ALEXIS HERNÁNDEZ-LÓPEZ                                    Page 6

informal request for compassionate release on April 8, 2020. *Id.* at 1. Shortly thereafter, on April 14, 2020, he filed a BP-9 request for compassionate release. *Id.* at 3. The evidence also reveals that the Administrative Remedy Coordinator denied his BP-9 request because the "process was done via cop-out to [the] Warden." *Id.* at 2.

It is not clear from the evidence if Defendant Hernández-López appealed the Administrative Remedy Coordinator's decision. *See id.* However, the evidence available to the Court does show that Defendant Hernández-López did not wait for the mandatory thirty (30) days of Section 3582(c)(1)(A) to elapse after submitting his request to the Warden. Defendant Hernández-López only waited eleven days after the Warden received his request to file a direct motion before this Court.[3] In his motion, Defendant Hernández-López, also adds that he was unable to exhaust his administrative remedies because the prison officials at Allenwood FCC made it hard for him to

---

[3] Defendant Hernández-López's BP-9 request was received on April 17, 2020. Docket No. 4843-1 at 3.

U.S.A. v. ALEXIS HERNÁNDEZ-LÓPEZ                                              Page 7

do so. Docket No. 4843 at 3-4. Because of this, he asks the Court to—in essence—waive the administrative requirements in light of the Supreme Court decision in *Ross v. Blake*, 136 S.Ct 1850 (2016). Docket No. 4843 at 4. His Second Motion is silent regarding attempts—if any—to satisfy the administrative prerequisites in order to seek compassionate release at Devens FMC.

In light of the allegations and evidence proffered by Defendant Hernández-López, the Court is unable to determine whether Defendant Hernández-López exhausted his administrative remedies and complied with the administrative requirements enounced in Section 3582(c)(1)(A). And even if the Court were to waive those requirements, his motions fail on the merits, for the same do not state extraordinary and compelling reasons that would warrant the relief requested. *See United States v. Ramírez*, 459 F. Supp.3d 333, 344 (D. Mass. 2020) (waiving the thirty-day exhaustion requirement contained in Section 3582(c)(1)(A)

| U.S.A. v. ALEXIS HERNÁNDEZ-LÓPEZ | Page 8 |
|---|---|

because waiting thirty days to file a motion for compassionate release would render defendant's request futile).

In this First Motion, Defendant Hernández-López alleges that due to his status as a diabetes, kidney, and anemic high blood pressure patient,[4] he is at a higher risk of severe illness or death if he were to contract COVID-19. Docket No. 4843 at 1. He further argues that his health issues coupled with the spread of COVID-19 at Allenwood FCC amount to extraordinary and compelling circumstances which warrant his immediate release from custody. *See id.* at 6. In his Second Motion, Defendant Hernández-López reiterates his medical conditions and underlines Devens FMC's purported failure to manage the COVID-19 pandemic and the high number of inmates infected with the COVID-19 virus there. *See* Docket No. 5062.

---

[4] Defendant Hernández-López's motion points out that he has other medical health-related issues besides the ones specified above, but he does not identify them. Docket No. 4843 at 1.

In its oppositions, the Government argues that Defendant Hernández-López's petition fails on the merits as there are no extraordinary and compelling reasons warranting a sentence reduction. Docket Nos. 4851 at 15-18; 5102 at 13-18. Additionally, the Government contends that Defendant Hernández-López failed to show that he will not be a danger to the community if released. Docket No. 5102 at 18-20.

Here, it appears that, at the moment, the spread of COVID-19 at Devens FMC—where Defendant Hernández-López is currently serving his sentence—is under control. The BOP's website shows that on August 16, 2021, there were two (2) confirmed cases of COVID-19 amongst inmates and two (2) amongst the staff at Devens FMC. *COVID-19 Cases*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/index.jsp (last updated Aug. 16, 2021). As for Defendant Hernández-López's medical conditions, the Government included a copy of his medical records which show that he is receiving medical treatment for his conditions. Docket No. 5102-1. Thus, the Court finds that

there are no extraordinary and compelling reasons warranting his release.

Moreover, the Section 3553(a) factors do not weigh in Defendant Hernández-López's favor. Defendant Hernandez-Lopez has at least two more years to serve in custody. *Find an Inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last accessed Aug. 17, 2021). A sentence reduction at this time would undermine the deterrence effect of the sentence imposed for his serious drug trafficking and firearm crimes.

### b. Additional Pending Motions

In addition to Defendant Hernández-López's motions for compassionate release, there are additional pending motions that the Court will address here. First in line is Defendant Hernández-López's motion for a copy of the Government's first opposition filed at Docket No. 4851. Docket No. 4880. The Government certifies that it mailed a copy of its second opposition to Defendant Hernández-López at Devens FMC. Docket No. 5102 at 23. After reviewing both oppositions, the

U.S.A. v. ALEXIS HERNÁNDEZ-LÓPEZ                                    Page 11

Court finds that the oppositions are not fundamentally different from each other, *see id.*; *compare* Docket No. 4851. Accordingly, Defendant Hernández-López's motion requesting a copy of the Government's first Opposition is denied.

Next up is Defendant Hernández-López's request for the Court to provide him with a copy of: (1) sentencing transcripts; (2) docket sheet and (3) plea agreement. Docket No. 5197. According to Defendant Hernández-López, he requires these documents to continue his appeal, but offers no legal basis pursuant to his request. As such, this request is denied.[5]

The Court must also deny Defendant Hernández-López's request to file all future documents in this case in Spanish. Pursuant to 48 U.S.C. § 864, documents filed before this Court must be in English.[6] And under Local Rule 5(c), documents

---

[5] The Court, however, will note that Defendant Hernández-López may obtain said copies from the Clerk of Court.

[6] In pertinent part, 48 U.S.C. § 864 states that "[a]ll pleadings and

U.S.A. v. ALEXIS HERNÁNDEZ-LÓPEZ                                              Page 12

that are not in English must be accompanied by certified translations into English. Given his *pro se* status, if Defendant Hernández-López requires additional time to be able to file documents in English, as a review of this record shows he has been able to do in the past, he may advance said request to the Court and the Court shall entertain the same in due course.

In this vein, the Court will hold under advisement what appears to be Defendant Hernandez-Lopez's request for the appointment of counsel at Docket No. 5060, for the same was filed in Spanish. Docket No. 5060. The Court does however note that, several of the documents attached to his request are in English. Those attachments, for the most part, are related to his civil case against the BOP. *See Alexis Hernández-López v. Federal Bureau of Prisons*, Civil No. 20-cv-1657 (ADC) (D.P.R. Nov. 13, 2020). If Defendant Hernandez-Lopez's request at Docket No. 5060 pertains to his civil case, the same should

---

proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language."

U.S.A. v. ALEXIS HERNÁNDEZ-LÓPEZ                                                Page 13

have been filed in that civil docket, for relief is not appropriate in the instant criminal docket. Accordingly, Defendant Hernández-Lopez is **granted thirty (30) days, until September 16, 2021,** to submit his request in English and to clarify whether his request pertains to this criminal docket or his civil case. Until then, the Court will hold the request at Docket No. 5060 under advisement.

### III.   Conclusion

In light of the above, the Court:

- HOLDS UNDER ADVISEMENT Defendant Hernández-López's motion for appointment of counsel at Docket No. 5060;
- DEEMS AS MOOT the Federal Public Defender's motion for extension of time at Docket No. 4895;
- DENIES WITHOUT PREJUDICE Defendant Hernández-López's:
    - motions for compassionate release at Docket Nos. 4843 and 5062;
    - motion for a copy of the Government's first

Opposition at Docket No. 4880;

- o motion for leave to file motions in Spanish at Docket No. 5061; and
- o motion requesting copy of documents at Docket No. 5197.

The Clerk of the Court is directed to mail a copy of this Omnibus Opinion and Order to Defendant Hernández-López.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17th day of August 2021.

        *S*/SILVIA CARRENO-COLL
        UNITED STATES DISTRICT COURT JUDGE