IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALEXIS HERNÁNDEZ-LÓPEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CIV. NO. 20-1128 (SCC) |

**OPINION AND ORDER**

Alexis Hernández-López filed a petition under 28 U.S.C. § 2255, asking the Court to vacate his sentence for Count Six of the Indictment on the grounds that he did not have the mens rea for aiding and abetting carrying a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c), that offense is unconstitutionally vague, he is actually innocent of it, and his counsel was ineffective. The government's first line of attack is that his petition is untimely. We agree and thus go no further.

**I.**

A § 2255 petition is timely if the *pro se* petitioner places it in his prison's mail system within, as relevant here, one year

of "the date on which the judgment of conviction becomes final" or the date that the Supreme Court recognizes a new right that applies retroactively on collateral review. §§ 2255(f)(1), (3); *Morales-Rivera v. United States*, 184 F.3d 109, 111 (1st Cir. 1999) (holding that the prisoner mailbox rule applies to § 2255 petitions). The district court entered judgment on September 18, 2018. Judgment, United States v. Rodríguez-Cruz, No. 13-cr-00534-SCC-19 (D.P.R. Sept. 18, 2018). The government states that his judgment became final fourteen days later, on October 2nd. Docket No. 10, pg. 3. The weight of circuit authority agrees that when the defendant does not appeal, his judgment of conviction becomes final when the time to seek direct review ends (*i.e.*, fourteen days later, FED. R. APP. P. 4(b)(1)(A)). *See, e.g.*, *United States v. Gilbert*, 807 F.3d 1197, 1200 (9th Cir. 2015); *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); *Anjulo-López v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008); *United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006); *Moshier v.*

*United States*, 402 F.3d 116, 118 (2d Cir. 2005) (per curiam); *Sánchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). But there is a First Circuit case that appears to disagree. In *United States v. Ciampi*, 419 F.3d 20 (1st Cir. 2005), the district court entered judgment on March 8, 2000, the defendant did not appeal, and he filed his *pro se* petition on February 20, 2001. *Id.* at 22. The First Circuit stated that this petition was timely because his one-year period to file it commenced when the district court entered judgment. *Id.* at 23 n.2 ("As [defendant] failed to appeal from the . . . conviction, the one-year period commenced in March 2000, when the court entered judgment . . . ."). Under the facts of that case, however, it did not matter whether the one-year clock started ticking when the district court entered judgment or fourteen days later when the window to appeal closed. Either way, that petition would have been timely. Because the First Circuit's statement that the one-year period commenced when the district court entered judgment was not essential to its

holding that the petition was timely, perhaps it is dictum. *See generally Dedham Water Co. v. Cumberland Farms Dairy*, 972 F.2d 453, 459 (1st Cir. 1992) ("[O]biter dictum [are] observations relevant, but not essential, to the determination of the legal questions then before the court. Dictum constitutes neither the law of the case nor the stuff of binding precedent."). For our purposes, this is merely an academic question because Hernández-López's petition is untimely regardless of whether we start the one-year clock on September 18, 2018, when the district court entered judgment, or on October 2, 2018, when the time to seek direct review ended.

We do not know when he placed his petition in the prison mail system. But we do know that he signed it on February 1, 2020. Docket No. 1, pg. 14; Docket No. 1-1, pg. 6. Because his petition is untimely even if we give him the benefit of that date and October 2nd rather than September 18th, we will use those dates. Assuming his one-year clock started ticking on October 2, 2018, his petition is untimely by

about four months. He asks that we equitably toll his clock.

Equitable tolling is "grounded in principles of equity and fairness." *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019). To qualify for it, the petitioner "must demonstrate that he or she has diligently pursued her rights, but some extraordinary circumstance, or obstacle, prevented timely filing." *Id.* He says that he was hospitalized for more than a month, transferred to another facility, and placed in the Special Housing Unit ("SHU"). Docket No. 1, pg. 12; Docket No. 1-1, pg. 6. He also says that Hurricane María caused delays. Docket No. 1-1, pg. 6. But because he has not told us when he was hospitalized, when he was transferred, and how long he was in the SHU, nor explained how a hurricane that hit Puerto Rico before the district court entered judgment affected his ability to file his petition, he has not carried his burden to "establish 'a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing.'" *Blue*, 913 F.3d at 8 (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)). He has

also failed to explain how he diligently pursued his rights throughout this time. We therefore decline to equitably toll his time to file his petition.[1]

His alternative ground for timeliness is that he filed his petition within one year of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), published on June 24, 2019. Assuming its rule applies retroactively on collateral

---

1. The government dedicates most of its response to explaining why Hernández-López's petition is untimely. So he has notice that this issue is in play. He has a right to reply to the government's response. 28 U.S.C. § 2255, Rules Governing Section 2255 Proceedings, Advisory Committee Notes to 2019 amendments ("The moving party has a right to file a reply."). Our local rules apply to habeas proceedings. D.P.R. Civ. R. 1(a) (stating our local rules apply in civil actions as defined by Federal Rule of Civil Procedure 1); FED. R. CIV. P. 1 (stating the federal rules apply to all civil actions and proceedings in U.S. district courts except as defined in Rule 81); FED. R. CIV. P. 81(a)(4) (stating the federal rules apply to habeas proceedings insofar as the practice in those proceedings is not specified by statutes or the rules governing those proceedings). Under those rules, he had seven days to file a reply. D.P.R. Civ. R. 7(c); *see* 28 U.S.C. § 2255, Rules Governing Section 2255 Proceedings, Rule 5(d) ("The moving party may file a reply to the respondent's answer or other pleading. The judge must set the time to file unless the time is already set by local rule."). He failed to do so and has therefore failed to respond to the government's timeliness arguments. *See generally FDIC v. Anchor Props.*, 13 F.3d 27, 31 (1st Cir. 1994) (stating *pro se* litigants must comply with procedural rules).

| HERNÁNDEZ-LÓPEZ V. UNITED STATES OF AMERICA | Page 7 |
|---|---|

review, any claim that he has based on it is timely. *See Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014) (holding "the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis"). But *Davis* does not apply here. *Davis* held unconstitutionally vague the residual clause in 18 U.S.C. § 924(c). 139 S. Ct. at 2336. Section 924(c) criminalizes using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime and possessing a firearm in furtherance of one of those crimes. The residual clause defines a crime of violence as those felonies "that by [their] nature, involv[e] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B). *Davis* does not apply here because Hernández-López's predicate offense for Count Six was a drug trafficking crime, not a crime of violence. Judgment at 1, United States v. Rodríguez-Cruz, No. 13-cr-00534-SCC-19 (D.P.R. Sept. 18, 2018). The residual clause, in other words, played no role in his conviction. Because *Davis* does not apply to him, he has no timely claims

based on it.

We have two final matters to resolve. Hernández-López has asked the Court to appoint him counsel and hold an evidentiary hearing. As to the first request, there is no constitutional right to counsel in habeas proceedings, *Ellis v. United States*, 313 F.3d 636, 652 (1st Cir. 2002), and one should be appointed only in "rare" cases, *United States v. Mala*, 7 F.3d 1058, 1064 (1st Cir. 1993). Hernández-López does not explain why this is such a case, and we see no circumstances warranting counsel here. We therefore deny his request for counsel. As to the second, he bears a "heavy burden" to show that he is entitled to an evidentiary hearing. *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003). Because his untimely petition "is inadequate on its face," there is no need to hold one here. *Id.* (citing *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978)).

In sum, the Court **DENIES** Hernández-López's § 2255 petition because it is untimely (Docket No. 1). And we **DENY** him a certificate of appealability because he has not "made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) ("A petitioner satisfies [§ 2253(c)(2)] by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.").

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 12th day of September 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE